1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7    CHRISTINA BARBIER,                    Case No. 2:20-cv-00561-KJD-EJY

8                            Plaintiff,     **ORDER GRANTING PLAINTIFF'S
                                              MOTION TO REMAND**
9         v.

10   UNITED SERVICES AUTOMOBILE
     ASSOCIATION, an unincorporated entity
11   and/or a reciprocal insurance exchange with
     members residing in the state of Nevada;
12   GEICO GENERAL INSURANCE COMPANY,
     a Maryland Corporation; DOES 1 through 10;
13   and ROE CORPORATIONS 11 through 25,
     inclusive,
14
                             Defendants.
15

16         Before the Court is Plaintiff's Motion to Remand to State Court (ECF #13). Defendant

17   United Services Automobile Association responded in opposition (ECF #18) and Plaintiff replied

18   (ECF #21).

19         I.      Factual and Procedural Background

20         This case arises out of multiple car accidents and Plaintiff's experience with Defendant

21   insurance companies. The first accident occurred in June 2014 when Plaintiff Christina Barbier

22   ("Barbier") was a passenger in a stopped vehicle in Las Vegas. (ECF #1-2, at 9). Barbier

23   suffered injuries after a third-party driver rear-ended the car Barbier occupied. Id. The driver at

24   fault did not have sufficient insurance to cover Barbier's damages so Barbier submitted a claim

25   to Defendant United Services Automobile Association ("USAA"). Id. USAA is not the insurer,

26   Garrison Property and Casualty Insurance company, a Texas company, is the insurer. (ECF #18,

27   at 6). USAA is the insurer's adjuster. Id. at 7. Barbier served multiple demand letters with proof

28   of loss upon USAA up until February 22, 2019. (ECF #1-2, at 9). USAA evaluated Barbier's

claim at $50,000. Id. Barbier argues that USAA's evaluation of her claim was unreasonable. Id. USAA has not paid the claim. Id. Barbier then sought recovery from Defendant Government Employees Insurance Company ("GEICO") who insured the car Barbier occupied as well as its driver. Id. Barbier submitted multiple demand letters, with proof of loss to GEICO up until February 20, 2019. Id. On May 13, 2019, GEICO requested medical authorizations and additional information from Barbier before it could make an accurate evaluation of her claim. Id. at 10. Barbier submitted to GEICO's request and GEICO evaluated Barbier's claim at $45,177.52. Id. The claim was never paid. Id.

Barbier was involved in another car accident in November 2017. Id. Again, Barbier's vehicle was stopped when a third-party driver struck her from behind. Id. The driver did not have sufficient insurance to cover Barbier's damages so Barbier submitted demand letters, with proof of loss, to USAA up until February 27, 2019. Id. USAA evaluated Barbier's claim at $80,000. Barbier argues this amount, like the first evaluation, is unreasonable. Id. The claim has not been paid. Id.

Barbier filed this action in Nevada state court on January 22, 2020. Id. at 16. Barbier brings four claims for relief against USAA and GEICO, including breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and declaratory relief. Id. at 11–15. USAA was served with the summons and complaint on February 20, 2020 and, with GEICO's consent, removed the action to federal court on March 20, 2020. (ECF #1, at 2). USAA removed on the basis of diversity jurisdiction. Id. at 4. USAA acknowledges that normally its presence would defeat diversity jurisdiction but claims that it was fraudulently joined for the purpose of defeating diversity. Id. at 3. As such, USAA argues that its citizenship should be disregarded. Id. Disregarding USAA's citizenship would leave Barbier, a resident of Nevada, and GEICO, a Maryland corporation, as the necessary parties to determine diversity.[1] Id. at 2.

Barbier filed the present motion to remand, arguing that USAA is a Nevada citizen for

---

[1] The insurer, Garrison Property and Casualty Insurance company, is a Texas company but was not named in the action.

1    jurisdictional purposes and that USAA has not been fraudulently joined. (ECF #13, at 7). Barbier

2    argues that USAA has not satisfied its burden for removal and that if there is a possibility that a

3    state court could find a cause of action against USAA then it was not fraudulently joined. Id. at

4    8. USAA argues that it did not issue the insurance contract and cannot be liable for breach of

5    contract because it is not a party to the contract. (ECF #18, at 6). Additionally, USAA argues that

6    Barbier failed to allege facts that support the other causes of action against USAA, which proves

7    fraudulent joinder, confirms complete diversity, and makes removal appropriate. Id. at 7–11.

8           II.    Legal Standard

9           A defendant may remove a civil action "brought in a State court of which the district

10   courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal based on

11   diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is

12   diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68

13   (1996). To determine whether complete diversity exists, "district courts may disregard the

14   citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v.

15   Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake & Ohio Ry.

16   Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

17          Fraudulent joinder "must be proven by clear and convincing evidence." Hamilton

18   Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). There are "two

19   ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2)

20   inability of the plaintiff to establish a cause of action against the non-diverse party in state

21   court.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting Smallwood

22   v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)). A defendant must show that a

23   party "joined in the action cannot be liable on any theory" to prove fraudulent joinder. Ritchey v.

24   Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, "if there is a possibility that a

25   state court would find that the complaint states a cause of action against any of the resident

26   defendants, the federal court must find that the joinder was proper and remand the case to the

27   state court." Hunter, 582 F.3d at 1046 (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d

28   1277, 1279 (11th Cir. 2003)). A defendant opposing remand bears a heavy burden as he faces a

1  "strong presumption against removal jurisdiction and the general presumption against fraudulent

2  joinder." Id. (citation omitted).

3       III.    Analysis

4       USAA does not allege that Barbier committed actual fraud in her pleading of

5  jurisdictional facts. This Court will only analyze the second type of fraudulent joinder: whether

6  Barbier has established a cause of action against USAA in state court. The Court finds that

7  USAA has not met its burden to show that no state court could find it liable under any theory

8  Barbier presented. As such, remand to state court is proper.

9       While USAA is an adjuster and not an insurer, based on the evidence provided at the

10  remand stage, it is plausible that USAA and the insurer are involved in a joint venture "to an

11  extent sufficient to expose [USAA] to all policy-based contractual claims and bad faith liability."

12  Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 959 (Nev. 1998). In Wohlers, the Nevada

13  Supreme Court found that an insurance claims administrator was involved in a joint venture with

14  the insurance company and was thus exposed to contractual and bad-faith claims. Id. The

15  evidence of the joint venture included development of promotional materials, issuing policies,

16  billing and collecting premiums, paying and adjudicating claims, and assisting in development of

17  contractual provisions. Id. The Wohlers court found that having "a direct pecuniary interest in

18  optimizing [the insurer's] financial condition" was additional evidence of the joint venture. Id.

19  At this stage of the litigation, the extent of the evidence to support a finding of a joint venture is

20  not fully known. However, there is some evidence to support such a finding. USAA's logo

21  appears on the insurer's materials, USAA made an offer to settle the claim prior to litigation,

22  adjusted the claim, is involved in determining premiums, and collects premium payments from

23  clients. Even though USAA is not the insurer and not technically a party to the contract, under

24  Nevada law it is possible that USAA can be found to be involved in a joint venture with the

25  insurer and liable to Barbier as alleged in the complaint. Ultimately, to prevail Barbier will have

26  to provide evidence that USAA is involved in a joint venture with the insurer, but she has

27  produced sufficient evidence at this stage to warrant remand.

28       Joinder of a resident defendant is fraudulent if "the plaintiff fails to state a cause of action

against a resident defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). It is not obvious here that Barbier failed to state a cause of action against USAA and the presumption against removal and fraudulent joinder requires the Court to find that remand is proper. Therefore, USAA was not fraudulently joined, complete diversity does not exist, and the case must be remanded.

Barbier also requests that the Court award attorney's fees for the costs incurred to remand the action. "Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Grancare, LLC, 889 F.3d at 552. USAA's argument for removal does not lack an objectively reasonable basis. USAA had a reason to believe it was fraudulently joined because it is not Barbier's insurer and generally "no one 'is liable upon a contract except those who are parties to it.'" Albert H. Wohlers & Co., 969 P.2d at 959 (quoting Cnty. of Clark v. Bonanza No. 1, 615 P.2d 939, 943 (Nev. 1980)). This case may involve a small exception to that general rule. As such, there was a reasonable basis to attempt to remove the action and the Court denies an award of attorney's fees.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (#13) is **GRANTED**.

IT IS FURTHER ORDERED that this action be remanded to the Eighth Judicial District Court of Nevada.

Dated this 23rd day of February, 2021.

_____
Kent J. Dawson
United States District Judge